IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA,
HAMMOND DIVISION

| | |
|---|---|
| ELAINE BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:08CV 60 PS |
| v. ) | |
| ) | |
| CREDIGY RECEIVABLES, INC., STEWART & ) | |
| ASSOCIATES, P.C., and BUFFY BRYANT, ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

## COMPLAINT

Plaintiff Elaine Burris files this complaint against Defendants Stewart & Associates, P.C., and Buffy Bryant for their unfair, deceptive and illegal debt collection activities committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Further, Plaintiff seeks a declaration that she is not indebted to Defendant Credigy Receivables, Inc. and an order preventing any future attempts to collect the disputed debt.

*Parties*

1. Plaintiff Elaine Burris resides within this district.

2. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from her is a consumer debt, purportedly incurred for personal, family or household purposes.

3. Defendant Credigy Receivables, Inc. is a large-scale buyer of defaulted consumer credit obligations.

4. Defendant Stewart & Associates, P.C. is a debt collector who attempts to collect debts in this district.

1

5. Stewart & Associates, P.C. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers and designates itself as a debt collector on the correspondence it sends to consumers. Stewart & Associates is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

6. Defendant Buffy Bryant purports to be an attorney licensed to practice in the State of Indiana under the name of the firm "Stewart & Associates, P.C." in Suwanee, Georgia.

7. Buffy Bryant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Buffy Bryant is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

8. Upon information and belief, Credigy Receivables, Inc. and Stewart & Associates, P.C. acted in concert with one another in all efforts to collect the alleged debt from Plaintiff, these Defendants sharing corporate officers and a physical location at 3950 Johns Creek Court, Suwanee, Georgia.

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper since Defendants attempt to collect debts, send collection correspondence, and file lawsuits in this district.

## *Factual Allegations*

11.     In or around March of 2006, Plaintiff received a collection letter from Mitchell N. Kay & Associates attempting to collect an alleged Associates Bank credit card debt on behalf of Credigy Receivables, Inc.

12.     The Mitchell N. Kay & Associates letter was sent to 455 E. 10th Street, Hobart, Indiana 46342.

13.     Plaintiff sent a certified mail letter, return receipt requested, to Mitchell N. Kay & Associates disputing the debt, requesting verification of the debt, and advising that she did not reside at 455 E. 10th Street, Hobart, Indiana 46342.

14.     In response to Plaintiff's certified letter, Mitchell N. Kay & Associates sent Plaintiff a letter at her correct new address, 3100 W. Old Ridge Road, Hobart, Indiana 46342, which letter advised Plaintiff that they had noted her dispute, were closing her file, and returning the matter to Credigy Receivables.

15.     On or about July 1, 2006, Defendant Stewart & Associates, on behalf of Credigy Receivables, sent Plaintiff a collection letter attempting to collect the same alleged Associates Bank credit card debt.

16.     The Stewart & Associates letter was again sent to the wrong address, 455 E. 10th Street, Hobart, Indiana 46342.

17.     On or about August 2, 2006, Plaintiff sent a letter via, (a) regular first-class, and (b) certified mail, return receipt requested, to Stewart & Associates.

18.     Plaintiff's letter advised Stewart & Associates that they had the wrong address and asked them to address all future correspondence to her new address, 2036 Dogwood Trail, Apt. 3B, Merrillville, Indiana 46410.

19. Plaintiff's letter also disputed the debt, requested verification of the debt, and explained that she did not believe she owed the money Stewart & Associates and Credigy were attempting to collect.

20. Nearly two weeks later, rather than provide the requested verification, Stewart & Associates sent a Federal Express package to the incorrect 455 E. 10th Street, Hobart, Indiana 46342 address.

21. Stewart & Associates' package contained a draft complaint which Stewart stated it was going to file against Plaintiff if she did not respond within ten days.

22. Plaintiff never received any correspondence at her correct address, even though she had advised Stewart & Associates of that address.

23. Plaintiff was never served with a complaint.

24. On or about December 5, 2006, a company named American Mediation & Alternative Resolutions sent Plaintiff a letter to the incorrect 455 E. 10th Street, Hobart, Indiana 46342 address.

25. The American Mediation letter stated that Plaintiff had been sued but Plaintiff had no idea what case American Mediation was referring to as she had never been served with a complaint.

26. After not hearing anything more from Stewart & Associates, Credigy or American Mediation, Plaintiff investigated the court filing system for the Lake County, Indiana Superior Court and discovered that a lawsuit had been filed against her on or about November 21, 2006 by Stewart & Associates, on behalf of Credigy Receivables, Inc.

27. On the Court docket sheet, Stewart & Associates represented that Plaintiff had been served at the 455 E. 10th Street, Hobart, Indiana 46342 address.

28. Plaintiff was never served with a copy of the complaint and no complaint was ever left at that address.

29. In fact, Plaintiff could not have been served at that address because she did not reside there.

30. On or about January 8, 2007, Plaintiff's attorney, Lance A. Raphael, called the attorney listed on the Lake County, Indiana online docket system, Buffy Bryant to advise that Plaintiff had never been served.

31. Plaintiff's attorney Mr. Raphael left a message stating that, (1) the alleged debt was not owed by Plaintiff, (2) Plaintiff resided at a different address than the address all Stewart & Associates correspondence had been sent to, and (3) he should be contacted directly regarding the Plaintiff's account.

32. Buffy Bryant never returned the call.

33. Instead, on or about February 22, 2007, Ms. Bryant mailed a motion for default; again, to the wrong address of 455 E. 10th Street, Hobart, Indiana 46342.

34. On or about the same time that the motion for default was sent, Stewart & Associates also sent a collection letter to the wrong address of 455 E. 10th Street, Hobart, Indiana 46342.

35. After Plaintiff learned the motion for default had been filed, on or about March 2, 2007, her attorney sent a letter to Buffy Bryant via certified mail to her Indiana office address (which was refused) and via facsimile to the Georgia address of Stewart & Associates listed on the complaint.

36. The March 2, 2007 letter advised that Plaintiff never had an account with Credigy, never had a credit card account with Associates Bank or First Select, Inc., and enclosed an affidavit from Plaintiff.

37. A copy of the Affidavit is attached hereto as <u>Exhibit 1</u>.

38. Among other things, the Affidavit again provided Stewart & Associates with the correct address.

39. On March 8, 2007, Scott Loynd of Stewart & Associates called Plaintiff's attorneys and stated that he was in the process of investigating Plaintiff's dispute.

40. However, on March 8, 2007, Stewart & Associates entered a default against Plaintiff.

41. Once again, Stewart & Associates had mailed the motion for default to the wrong address so Plaintiff did not receive timely notice of the motion.

42. Plaintiff had to hire another attorney to move to vacate the default.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act Against Defendants Stewart & Associates and Buffy Bryant*

43. Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

44. Section 1692c(a)(2) of the FDCPA provides that:

> (a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a

      communication from the debt collector or unless the attorney
      consents to direct communication with the consumer

45.  Defendants Stewart & Associates and Buffy Bryant violated § 1692c(a)(2) of the FDCPA by sending a motion for default and other collection correspondence to Plaintiff when they knew she was represented by counsel.

46.  Section 1692e(3) of the FDCPA prohibits falsely representing or implying that communication comes from an attorney, or has been reviewed by an attorney, when it does not come from an attorney in any meaningful sense.  Upon information and belief, Defendants' conduct in this case demonstrates the potential for establishing a pattern and practice of misrepresenting that files have been adequately reviewed by an attorney before suit is filed.  If, upon the completion of discovery, the facts demonstrate that this is indeed Defendants' practice, then Plaintiff hereby puts Defendants on notice that this FDCPA allegation will be brought on a class basis and Plaintiff will seek to amend this Count to plead violations on behalf of a class.

47.  Defendants Stewart & Associates and Buffy Bryant acted in concert to violate § 1692e(3) by either, (1) misrepresenting Ms. Bryant's status as an attorney with Stewart & Associates because she was located in the State of Indiana with no real presence at Stewart & Associates' firm and no ability to review Stewart or Credigy's account information as an attorney, or (2) misrepresenting Ms. Bryant's status as an Indiana attorney doing business at the address she lists with the Indiana State Bar because she maintains no meaningful presence at the Indiana address.

48.  Section 1692e(8) of the FDCPA prohibits, "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

49. By continuing to represent that Plaintiff owed money on an account when they had received multiple notifications that the debt was disputed, Defendants Stewart & Associates and Buffy Bryant violated § 1692e(8).

50. Section 1692e(10) of the FDCPA prohibits debt collectors from using deceptive means to collect a debt.

51. Defendants Stewart & Associates and Buffy Bryant violated § 1692e(10) of the FDCPA by continuing to send collection correspondence and legal pleadings, in an attempt to collect a debt, to an address they were advised was not the Plaintiff's address.

52. Defendants Stewart & Associates and Buffy Bryant further violated § 1692e(10) of the FDCPA by filing a motion for default with knowledge that Plaintiff had never been served with a complaint.

53. Plaintiff was actually damaged as a result of Defendants' conduct in that she had to hire an attorney and spent numerous hours trying to dispute the debt. Moreover, Plaintiff has been subjected to great stress, concern, and aggravation over the continuing collection efforts and entry of a default judgment.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendants Stewart & Associates and Buffy Bryant and award damages as follows:

- (A) Actual and statutory damages as provided under the FDCPA, 15 U.S.C. § 1692k;

- (B) Attorney's fees, litigation expenses and costs incurred in bringing this action;

- (C) Any other relief this Court deems appropriate and just under the circumstances.

## COUNT II
### *Request for a Declaratory Judgment Against Defendant Credigy Receivables, Inc.*

54. Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

55. This Count is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Plaintiff Elaine Burris has no legal obligation to pay the Associates Bank or First Select, Inc. credit card account purchased by Credigy Receivables, Inc.

56. As set forth in the previously submitted Affidavit, Exhibit 1, Plaintiff vigorously disputes ever owing the alleged debt and submits that she has either been the victim of a theft of identity or Credigy purchased an account that was never owed by her in the first place.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Credigy Receivables, Inc and award a:

(A) Declaratory judgment that no money is due and owing to Credigy Receivables on an purported Associates Bank or First Select, Inc. account and prohibiting further collection action; and

(B) Any other relief this Court deems appropriate and just under the circumstances.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808